IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARRION DOTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  4:11CR00011 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## SUCCESSIVE MOTION TO VACATE CONVICTION
## UNDER 28 U.S.C. § 2255

Petitioner, Marrion Dotson, through his attorney, Lee T. Lawless, Federal Public

Defender, hereby files a successive motion to set aside the judgment in this case pursuant

to 28 U.S.C. § 2255.  This successive motion has been authorized by the Eighth Circuit

Court of Appeals.  (Copy of Order attached).  As explained below, Mr. Dotson's conviction

and sentence under 18 U.S.C. § 924(c) (Count II) must be vacated in light of the Supreme

Court's recent decision in *United States v. Davis*, 139 S.Ct. 2319 (June 24, 2019) and the

Department of Justice guidance concerning the federal kidnapping statute post-*Davis*.   In

light of *Davis*, Mr. Dotson's § 924(c) conviction is void and he is no longer subject to the 7

year mandatory consecutive sentence he is serving.  In support of his motion, Petitioner

states the following:

1.  Marrion Dotson, age 41, is currently incarcerated in the Federal Bureau of

Prisons under federal register number 38312-044.  He is incarcerated at the FCC Forrest

City Low in Forrest City, Arkansas.

## Information Regarding Conviction

2.  On March 9, 2011, Mr. Dotson pleaded guilty to one count of kidnapping (Count 1) in violation of 18 U.S.C. 1201(a) and possession or use of a firearm during and in relation to a "crime of violence" (specifically the kidnapping in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2).  On September 21, 2011, the district court sentenced Mr. Dotson to 252 months' imprisonment, consisting of 168 months on Count 1 followed by a consecutive sentence of 84 months on Count 2.  *United States v. Dotson*, 4:11CR11 SNLJ (E.D.Mo.)

## Information Concerning Appeals and Prior 2255 Petitions

3.  Mr. Dotson appealed his conviction and sentence.  His attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967) and Dotson filed a pro se brief raising issues related to the change of plea hearing and his sentencing.  The appeal was denied. The Eighth Circuit found no nonfrivolous issues for appeal and affirmed the judgment. *United States v. Marrion Dotson*, No. 11-3325 (8th Cir. May 22, 2012).

4.  In 2013, Mr. Dotson filed his first § 2255 motion raising three grounds of ineffective assistance of counsel.  ECF No. 1, Case No. 4:13CV01176 SNLJ.  On November 1, 2013, the district court denied the motion on the merits and denied a certificate of appealability.  *Id.*, ECF No. 6.  Dotson filed two motions under Rule 59(e) which were also denied by the district court.

5.  On February 6, 2019, Dotson filed a second § 2255 motion contending that after *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), his 924(c) conviction must be vacated because the predicate "crime of violence" for that offense – kidnapping – qualified as such only

under 924(c)(3)(B), which is unconstitutionally vague, like the similar definition of "violent

felony" that the Supreme Court struck down in *Johnson v. United States*, <u>135 S.Ct. 2551</u>

(2015).  In his motion, Dotson argued that because § 924(c)(3)(B)'s residual clause employs

the same language as § 16(b)'s residual clause invalidated in *Dimaya*, § 924(c)(3)(B)'s

residual clause is also unconstitutionally vague.  *Dotson v. United States*, Case No.

4:19CV197 SNLJ.   On February 13, 2019, the motion was denied by the district court as

successive and dismissed "without prejudice." <u>ECF No. 3</u>, No. 4:19CV197 SNLJ.

6.  On March 7, 2019, Dotson sought authorization for a successive § 2255 motion in

the Eighth Circuit.  Dotson argued that his § 924(c) conviction violated due process and

should be vacated because federal kidnapping did not qualify as a crime of violence as

defined in § 924(c)(3)(A) or (B).  *Dotson v. United States*, No. 19-1470, 8th Cir.  On April 19,

2019, Dotson filed a motion to stay his petition pending the Supreme Court's decision in

*United States v. Davis*, No. 18-431, because the ruling in *Davis* would determine the issue

he raises in his § 2255 motion.  On May 1, 2019, the motion for stay was ordered taken

with the case for consideration on the merits.  *Davis* was decided on June 24, 2019.  The

Supreme Court extended its holdings in *Johnson* and *Dimaya* to § 924(c) and held that §

924(c)(3)(B)'s residual clause defining a "crime of violence," like the residual clauses in the

ACCA and § 16(b), is unconstitutionally vague.  *United States v. Davis*, <u>139 S.Ct. 2319,</u>

<u>2336</u> (2019).  On July 31 2019, the Eighth Circuit appointed the Federal Public Defender

and granted Dotson leave to file an amended motion for permission to file a successive §

2255.

7.  Dotson's amended motion for permission was filed in the Eighth Circuit on

August 30, 2019 by the undersigned counsel.  Dotson argued that his case should be

allowed to proceed because now, in *Davis*, the Supreme Court held that § 924(c)(3)(B)'s

residual clause, like the residual clauses in the ACCA and § 16(b), is unconstitutionally

vague, that *Davis* announced a new rule of constitutional law made retroactive to cases on

collateral review, and that federal kidnapping as defined in § 1201(a)(1) is not a predicate

crime of violence.  The government agreed that Dotson's motion should be granted.   The

Eighth Circuit authorized Dotson's successive § 2255 motion on October 1, 2019.  (Copy of

Order attached).

## Ground for Relief

**I.  After *Davis*, Mr. Dotson's conviction under 18 U.S.C. § 924(c) cannot be sustained because federal kidnapping is not a "crime of violence."**

The Supreme Court in *Davis* held that (1) the residual clause defining a "crime of

violence" under Section 924(c) as "an offense that is a felony... that by its nature, involves

a substantial risk that physical force against the person or property of another may be

used in the course of committing the offense" is unconstitutionally vague under due

process and separations of powers principles, and (2) the presumption of constitutionality

may not be applied to save the residual clause through a case-specific approach, rejecting

the government's argument to abandon the categorical approach. *Id.* at 2332-2333.  The

Court held that § 924(c)(3)(B) required use of the categorical approach and thus it was

unconstitutionally vague, writing that "a vague law is no law at all." *Davis,* 139 S.Ct. at

2323, 2336.  The Court "treat[ed] the law as a nullity and invite[d] Congress to try again."

*Id.*

Mr. Dotson's § 924(c) conviction for use and possession of a firearm in furtherance of

a "crime of violence" is void because the "crime of violence" element cannot be satisfied here. The predicate offense of kidnapping does not qualify as a "crime of violence" as a matter of law.

Under § 924(c)(3), "crime of violence" is defined as follows:

(3)    For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

(A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause – § 924(c)(3)(A) – is the force clause. The other – § 924(c)(3)(B) – is the residual clause. Because the Supreme Court in *Davis* held that the § 924(c) residual clause is unconstitutionally vague in violation of the Due Process Clause, Dotson's § 924(c) conviction cannot be sustained under the § 924(c) residual clause.

Likewise, kidnapping under 18 U.S.C. § 1201(a) is not a "crime of violence" under the remaining force clause (§ 924(c)(3)(A)) because it does not have an element the use, attempted use, or threatened use of violent physical force.

The United States has conceded in the Eighth Circuit Court of Appeals that in light of *Davis,* kidnapping in violation of § 1201(a) does not qualify as a crime of violence under § 924(c) because the offense does not categorically require the use, attempted use, or threatened use of physical force under 924(c)(3)(A). *United States v. Eizember,* No. 17-1406 (8th Cir. 09/6/19)(unpub. judgment). The Eighth Circuit vacated Eizember's § 924(c) conviction predicated on federal kidnapping convictions. Likewise, in *Robinson v. United States*, 2019 WL 4855161, 1:12CR00090-KD (S.D. AL, Sept. 30, 2019), the United States

withdrew its argument that federal kidnapping is a crime of violence under the elements

clause of § 924(c)(3)A). Doc. 183, at 2.  The district court noted "[t]he United States

explained that the Department of Justice had issued specific guidance regarding the

federal kidnapping statute after *Davis*, which necessitated withdrawal of this argument."

*Id.*, at \*6.

Indeed, the Fourth Circuit held in *United States v. Simms,* 914 F.3d 229, 233 (4th

Cir. 2019)(en banc) and, as the government conceded, federal kidnapping categorically

fails to qualify as a "crime of violence" under the force clause.  In *United States v. Sanford*,

2019 WL 3812544, \*2 (10th Cir. Aug. 14, 2019), "[b]oth Sanford and the government agree

that the predicate offenses for Sanford's § 924(c) conviction – kidnapping and conspiracy to

kidnap – could only qualify as 'crimes of violence' under 924(c)(3)(B)'s residual clause.

Thus, as the parties also agree, it is clear that, in light of *Davis*, Sanford's § 924(c)

conviction and sentence cannot stand.")

Other circuits have concluded that federal kidnapping is not a "crime of violence"

under the force clause after *Davis. United States v. Walker*, 934 F.3d 375, 378-79 (4th Cir.

2019) (government conceded); *Knight v. United States*, 936 F.3d 495, 497 (6th Cir.

2019)(government conceded same);  *United States v.  Jenkins*, 932 F.3d 556, 558 (7th Cir.

2019)(government conceded that a § 924(c) conviction based on an underlying kidnapping

is void under *Davis.[1]); United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019); *United*

---

[1] The Supreme Court granted certiorari in the Seventh Circuit's earlier decision, *United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017), cert. granted and remanded, 138 S. Ct. 1980 (May 14, 2018), for further consideration of whether Jenkins' conviction under § 924(c) was unconstitutionally vague in light of *Dimaya*.  As noted by the Seventh Circuit, that issue was ultimately resolved by the Supreme Court in *Davis*, and "these later developments do not cast any doubt on *Jenkins* analysis of the elements clause as applied to kidnapping and ransom offenses. *United States v.*

*States v. Gillis*, 938 F.3d 1181 (11th Cir. 2019).

Finally, in *Chatwin v. United States*, 326 U.S. 455 (1946), the Supreme Court explained that "[t]he act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical or *mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Id.* at 460, (emphasis added). The Court reversed the kidnapping conviction in that case because there was "no proof that [the defendant] or any of the other petitioners willfully intended through force, fear or *deception* to confine the girl against her desires." *Id.* (emphasis added).

The Eighth Circuit has upheld a kidnapping conviction where "no forcible abduction took place." *United States v. Stands*, 105 F.3d 1565, 1576 (8th Cir. 1997); *United States v. Hoog*, 504 F.2d 45, 51 (8th Cir. 1974)(concluding that inducing a victim to accept a ride and remain in a vehicle by false representations constitutes inveigling or decoying. See also *United States v. Boone*, 959 F.2d 1550, 1555 (11th Cir. 1992)(recognizing that a federal kidnapping may be accomplished solely by the seduction of the victim); *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983)(noting that a kidnapper may use deceit and trickery to accomplish his purpose rather than overt force); *United States v. Lentz*, 383 F.3d 191, 203-04 (4th Cir. 2004) (reversing a grant of judgment of acquittal where the defendant, without physical force, inveigled the victim into traveling across state lines and there was circumstantial evidence that "unlawful physical or mental restraint" was used to hold the victim); *United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms,

---

*Brazier,* 2019 WL 3774126 (Aug. 12, 2019), at *fn.2.

§ 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, non-forcible means."); *United States v. Garcia*, 854 F.2d 340, 344-45 (9th Cir. 1988) (holding that a kidnapping continued past the date the defendant told the victim to leave, even though no force was used after this date, because the psychological effects of the kidnapping persisted);[2] *United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017) (noting "[t]he government admits that kidnapping" under § 1201(a) "cannot" qualify as a crime of violence under the force clause).

Because there is no way for a federal kidnapping conviction to satisfy the "crime of violence" definition after *Davis*, Mr. Dotson's § 924(c) conviction and sentence must be vacated.

**II. Dotson is entitled to relief under 28 U.S.C. § 2255 because (1) his claim under *Davis* is cognizable and 2) *Davis* is retroactive on collateral review**.

**A.  Dotson's claim is cognizable under § 2255(a).**

Under 28 U.S.C. § 2255(a), a petitioner is entitled to relief when his or her original conviction "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  Mr. Dotson is entitled to relief on both grounds.

First, based on all the reasons noted above, Dotson's § 924(c) conviction violates due process because it was dependent upon an unconstitutionally vague residual clause.

Second, because post-*Davis* federal kidnapping offenses categorically fail to satisfy the "crime of violence" element under 924(c), the indictment failed to state an offense under 924(c), and Dotson has now been convicted of an offense that is no longer criminal. This means that his conviction violates the United States laws and results in a

---

[2] See also *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012) (stating in dicta that "[t]he federal kidnapping statute has no force requirement.").

miscarriage of justice.  The Supreme Court has held that this is exactly the type of error

that is cognizable under 28 U.S.C. § 2255(a). *See Davis v. United States*, 417 U.S. 333, 346-

47 (1974) (holding that when an intervening decision establishes that a prisoner was

convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance

'inherently results in a complete miscarriage of justice and presents exceptional

circumstances' that justify relief under § 2255").

  **B. *Davis* is retroactive on collateral review.**

  Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies

retroactively to cases on collateral review if it announces a rule that is "substantive."

*Welch v. United States,* __ U.S.__, 136 S. Ct. 1257, 1264 (2016). As the Solicitor General

conceded, *Davis* is retroactive on collateral review because it is substantive. *See* Brief for

the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019), at 52 ("A

holding of this Court that Section 924(c)(3)(B) requires an ordinary-case categorical

approach—and thus is unconstitutionally vague—would be a retroactive substantive rule

applicable on collateral review.") (citing *Welch,* 136 S. Ct. at 1264).

  The Solicitor General was correct. A decision is "substantive" if it "alters the range

of conduct or the class of persons that the law punishes." *Welch,* 136 S. Ct. at 1265. This

includes "constitutional determinations that place particular conduct or persons covered

by the statute beyond the State's power to punish." *Id.* (citation omitted). For example, in

*Welch*, the Supreme Court found that *Johnson* v. *United States*, 135 S. Ct. 2551 (2015),

was retroactive because it altered the punishment for a class of people once subject to the

Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)) who could no longer be

classified as such based on the statute's now-defunct residual clause. *Id*. This reasoning applies with even more force here. *Davis* not only alters sentences but renders innocent a class of people once subject to § 924(c) liability based on predicate offenses that solely fell within the now-defunct § 924(c) residual clause. *Davis* thereby alters the range of conduct and class of persons that can be punished under § 924(c). Therefore, *Davis* is retroactive.

The government agrees that *Davis* is a new, substantive rule and therefore retroactively applicable on collateral review.  *Dotson v. United States,* 19-1470, 8th Cir., United States Response to Petitioner's Amended Motion for Leave to File a Successive Habeas Petition, filed 9/4/2019, at 4-5.

## CONCLUSION

For the reasons set forth above, Mr. Dotson respectfully asks this Court to correct the judgment by vacating his § 924(c) conviction and sentence.

Respectfully submitted,

/s/Lee T. Lawless
LEE T. LAWLESS     26420MO
Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Lee_Lawless@fd.org

COUNSEL FOR PETITIONER

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Tiffany Becker, Asst. United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, MO  63101 and a copy was mailed to Petitioner at:

Mr. Marrion Dotson
Reg. No. 38312-044
FCC Forrest City Low
P.O. Box 9000
Forrest City, AR  72336


/s/Lee T. Lawless
LEE T. LAWLESS     26420MO
Federal Public Defender

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No:  19-1470
_____

Marrion Dotson

Petitioner

v.

United States of America

Respondent

_____

Appeal from U.S. District Court for the Eastern District of Missouri - St. Louis
(4:19-cv-00197-SNLJ)
(4:11-cr-00011-SNLJ-1)

_____

## JUDGMENT

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.


The motion for authorization to file a successive habeas application in the district court is

granted. Mandate shall issue forthwith.

October 01, 2019




Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
          /s/ Michael E. Gans